IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRISTINA ROSTRO,                               §
                                               §
                    *Plaintiff,*               §            SA-21-CV-00703-FB
                                               §
vs.                                            §
                                               §
WAL-MART STORES TEXAS, LLC,                    §
                                               §
                    *Defendant.*               §

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Sanctions due to Spoliation of Evidence [#84].  The Court held a hearing on the motion on this day, at which counsel for both parties appeared via videoconference.  At the close of the hearing, the Court denied Plaintiff's motion.  The Court now issues this written Order to confirm its oral ruling.

This negligence action arises out of the alleged injury of Plaintiff while shopping at a Walmart store located in San Antonio, Texas, on March 18, 2020.  Plaintiff alleges that her shopping cart suddenly tipped over due to a failure of one of the cart's wheels, causing her to fall and resulting in severe injuries to her back and hip.  Plaintiff's spoliation motion asks the Court to issue sanctions against Defendant for failing to preserve the failed shopping cart as part of its duty to preserve evidence in this case.  Plaintiff seeks two sanctions by her motion—a finding of liability on Plaintiff's negligence claims and an order prohibiting Defendant from designating responsible third parties in the litigation.

1

In cases based on diversity jurisdiction, as here, federal law applies to the issue of spoliation. *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005). The spoliation of evidence is "the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (internal quotation and citation omitted). Under the spoliation doctrine, a court may instruct a jury that it "may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party" or issue other sanctions. *Crain v. City of Selma*, 952 F.3d 634, 639 (5th Cir. 2020) (quoting *Whitt v. Stephens Cty.*, 529 F.3d 278, 284 (5th Cir. 2008)).

The party seeking the spoliation sanction bears the burden of proof. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 615–16 (S.D. Tex. 2010). To issue a sanction based on spoliation, the Court must first find (1) the existence of a duty to preserve the information, (2) a culpable breach of that duty, and (3) resulting prejudice to the innocent party. *Id.* "A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman*, 804 F.3d at 713. Assuming without deciding that Defendant had a duty to preserve the shopping cart, Plaintiff has failed to prove that Defendant acted with a culpable mental state to find spoliation.

"The potential levels of culpability range from no culpability to bad faith, with intervening levels including negligence, gross negligence, and willfulness." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 Fed. App'x 565, 574 (5th Cir. 2020). "Negligence is not enough to support the imposition of sanctions for spoliation, 'for it does not sustain an inference of consciousness of a weak case.'" *Id.* (quoting *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th

Cir. 1975)).   Accordingly, a party seeking sanctions is not entitled to an adverse inference instruction or other sanctions unless that party can show that its adversary intentionally and in bad faith disposed of the evidence.   *Id.*

In support of her motion, Plaintiff argues the Court should impose a spoliation sanction against Defendant because Defendant should have preserved the shopping cart.   In support of this argument, Plaintiff directs the Court to the deposition testimony of Daniel Vaquera, the assistant manager who responded to the accident at issue.   Mr. Vaquera testified that he was trained to retain physical evidence related to customer incidents, but he nonetheless checked the box on the incident report document that there was no physical evidence involved in the accident, and he conceded that he did not preserve the cart.   (Vaquera Dep. [#84-1], at 55:19–56:22.)   When pressed, Mr. Vaquera further testified that he was focused on whether Plaintiff needed medical attention but otherwise did not know why he checked that box and does not know what happened to the cart.   (*Id.*)   It is undisputed, however, that Mr. Vaquera <u>did</u> take photographs of the shopping cart at the time of the incident, photographs that provide evidence that the shopping cart failed.   (Defendant is not contesting that the shopping cart experienced a failure during the incident.)

Plaintiff points out, however, that there are no photographs that conclusively demonstrate the presence or absence of an identification sticker.   During this litigation, Plaintiff learned that Defendant's cart maintenance company affixed a sticker to any cart that was inspected.   Plaintiff argues that that if the cart had been preserved, Plaintiff would have been able to investigate whether the cart had been properly maintained and inspected for defects.   But it is also undisputed that the preservation letter sent to Defendant by Plaintiff shortly after the incident did

not specifically request preservation of the shopping cart, although it did specify other type of evidence that needed to be preserved, like surveillance videos.

The evidence described above does not establish that Defendant acted intentionally and in bad faith when it failed to preserve the cart itself, as opposed to pictures of it.  On this record, the Court finds that Plaintiff has, at most, established Defendant's negligence as to the preservation of the cart, but nothing more.  Accordingly, Plaintiff has not established spoliation of evidence and is not entitled to the requested sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions due to Spoliation of Evidence [#84] is **DENIED**.

SIGNED this 24th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE